United States District Court
District of Massachusetts

```
_____
                              )
UNITED STATES OF AMERICA,     )
       Plaintiff,             )
                              )
       v.                     )    Criminal No.
                              )    10-10123-NMG
TRANG HUYDOAN PHAN,           )
       Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Trang Huydoan Phan is charged with theft of public money, pursuant to 18 U.S.C. § 641, for embezzling, stealing, purloining and knowingly converting to her use, money totaling more than $1,000 in the form of Supplemental Security Income ("SSI") benefits received between January, 2004 and December, 2006.

I.  **Factual Background**

The following facts are as stated in the defendant's motion. Between 1999 and 2004, Ms. Phan worked as a case manager at the International Rescue Committee ("IRC") in Boston, helping new immigrants obtain housing, jobs and other community services. She helped Mr. Phon Luong, a disabled client, obtain SSI benefits. SSI is a monthly benefit for disabled adults with limited income and resources. Mr. Luong applied on June 22, 2000, with Ms. Phan acting on his behalf as his "authorized representative". Mr. Luong began receiving monthly SSI benefits

on October 23, 2000.  The checks were sent directly to Ms. Phan at the IRC.  Mr. Luong would come to the IRC office and endorse the check.  Then, Ms. Phan would deposit the check and give Mr. Luong about $300 in cash.

In late 2003, Mr. Luong was no longer disabled and returned to work.  At that time, Ms. Phan allegedly contacted the Social Security Administration ("SSA") and requested that Mr. Luong's benefits be deposited directly into her bank account.  Between January, 2004 and December, 2006, Mr. Luong's benefit checks, totaling $24,392, were deposited into Ms. Phan's bank account. Ms. Phan was indicted on April 14, 2010.

**II. Motion to Dismiss**

On September 29, 2010, Ms. Phan moved to dismiss the indictment on statute of limitations grounds.  Ms. Phan has filed a reply to the government's opposition to her motion which the Court will consider despite her failure to seek leave to do so.

**A. Legal Standard**

The statute of limitations for a violation of 18 U.S.C. § 641 is five years.  18 U.S.C. § 3282(a).  The government bears the burden of proving that the prosecution began within the statute of limitations period.  United States v. Ferris, 807 F.2d 269, 272 (1st Cir. 1986).  Generally, the statute of limitations begins to run when each element of the crime has occurred and the crime is complete.  Toussie v. United States, 397 U.S. 112, 115

(1970); United States v. Walsh, 928 F.2d 7, 11 (1st Cir. 1991).
The statute of limitations should not be extended "(e)xcept as otherwise expressly provided by law." 18 U.S.C. § 3282(a). Criminal statutes of limitations should be "liberally interpreted in favor of repose". Toussie, 397 U.S. at 115.

In limited circumstances, however, the doctrine of continuing offenses should be applied. An offense is a continuing offense if: (1) the explicit language of the relevant statute compels such a conclusion, or (2) the nature of the offense charged is such that "Congress must assuredly have intended" that the offense be treated as a continuing one. Id. A continuing offense generally involves "(1) an ongoing course of conduct that causes (2) a harm that lasts as long as that course of conduct persists." United States v. Morales, 11 F.3d 915, 921 (9th Cir. 1993). The United States Court of Appeals for the Seventh Circuit has succinctly held that:

> The hallmark of the continuing offense is that it perdures beyond the initial illegal act, and that 'each day brings a renewed threat of the evil Congress sought to prevent' even after the elements necessary to establish the crime have occurred.

United States v. Yashar, 166 F.3d 873, 875 (7th Cir. 1999) (quoting Toussie, 397 U.S. at 122). For example, escape, kidnapping and conspiracy are continuing offenses. United States v. Bailey, 444 U.S. 394, 413 (1980); Yashar, 166 F.3d at 875. The statute of limitations for a continuing offense begins to run

-3-

upon the occurrence of the last act in furtherance of the crime instead of when the elements of the crime are completed. Yashar, 166 F.3d at 875.

**B.  Application**

A violation of 18 U.S.C. § 641 is committed when a person

> embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof[.]

With respect to a penalty, § 641 provides that such a person is subject to imprisonment and fine unless the value of the property converted does not exceed $1,000, in which event he is subject to a lesser punishment.

In this case, because there is a five year statute of limitations for violations of § 641, offenses completed before April, 2005 are barred by the statute of limitations. Phan argues that her alleged violation of 18 U.S.C. § 641 was complete in March, 2004 when she received a second benefit check of $678, bringing the total amount converted to over $1,000. Indeed, the Government could have charged her with a violation of § 641 at that point because all elements of the offense had been met. Thus, in order for the Government to charge Phan with violations occurring before April, 2005, her conduct must be considered a continuing offense.

There is no language in 18 U.S.C. § 641 indicating that it

is a continuing offense.  See, e.g., 18 U.S.C. § 641; United States v. Pease, No. CR-07-757-PHX-DGC, 2008 WL 808683, at *2 (D. Ariz. Mar. 24, 2008).  For that reason, the Court will focus on the second kind of continuing offense under Toussie: one in which the nature of the offense charged is such that "Congress must assuredly have intended" that the offense be treated as a continuing one.  Toussie, 397 U.S. at 115.

While the First Circuit Court of Appeals has not yet addressed whether a violation of § 641 is a continuing offense, there is a split of authority on that question in other jurisdictions.  Some courts have held that a violation of § 641 is a continuing offense in certain circumstances.  See, e.g., United States v. Neusom, 159 Fed. Appx. 796, *798 (9th Cir. 2005); United States v. Smith, 373 F.3d 561, 567-68 (4th Cir. 2004); United States v. Street, No. 3:07CR181 TSL-JCS, 2008 WL 4372737, at *3 (S.D. Miss. Sept. 19, 2008).  Other courts have found the opposite.  See, e.g., United States v. Silkowski, 32 F.3d 682, 689-90 (2d Cir. 1994); Pease, 2008 WL 808683, at *3; United States v. Beard, 713 F. Supp. 285, 290-91 (S.D. Ind. 1989).

Each district court in the First Circuit which has addressed whether a violation of § 641 is a continuing offense has held that it is not.  For instance, in April, 2010, United States District Judge William G. Young for the District of Massachusetts

-5-

made an oral ruling accepting the defendant's position that a violation of § 641 is complete when the initial theft of over $1,000 occurs and § 641 is not a continuing offense. Transcripts from Motion Hearings, Apr. 13, 2010 & May 10, 2010, United States v. Colon, No. 08-cr-10305-WGY (D. Mass.). In Colon, the defendant misrepresented her employment status to the SSA in 1996, 2000, and 2007 in order to receive disability benefits. Id. The statute of limitations was applied to foreclose charges of offenses completed before October, 2003, even though the defendant continued to receive benefits through 2007 as a result of the 2000 violation. Id. Judge Young held that passively continuing to receive benefits within the limitations period as a result of the defendant's initial misrepresentation was not part of the offense and, thus, charges involving conduct occurring before 2003 were barred by the statute of limitations. Id.

Similarly, in United States v. Bundy, a United States Magistrate Judge for the District of Maine held that conversion in violation of § 641 is not a continuing offense. Crim. No. 08-196, 2009 WL 902064, at *11 (D. Me. Mar. 31, 2009). In Bundy, the defendant failed to report that she had returned to work (which would make her ineligible to receive SSI benefits). The Magistrate Judge reasoned that the criminal act of conversion was by its nature a distinct act and not a continuing course of conduct. Bundy, 2009 WL 902064, at *10; see also, United

States v. Young, 694 F. Supp. 2d 25, 29 (D. Me. Mar. 15, 2010)(adopting the Magistrate Judge's recommendation that embezzlement in violation of § 641 is not a continuing offense).

In both Bundy and United States v. Young, the Magistrate Judges reasoned that finding § 641 to be a continuing offense would give prosecutors the ability to control the operation of the statute of limitations by charging defendants with a single offense rather than multiple separate offenses. Young, 694 F. Supp. 2d at 29; Bundy, 2009 WL 902064, at *10. This Court concludes that such a consideration is not a bar to finding that § 641 is a continuing offense because such prosecutorial discretion exists in all cases charging continuing offenses.

This Court is not persuaded by the continuing offense decisions in the lower courts of this Circuit. It finds, instead, that, while § 641 is not inherently and automatically a continuing offense, it is in this case where the violation consists of an uninterrupted scheme wrongfully to receive SSI payments which continued well into the statute of limitations period.

The Court holds that Phan's crime was not complete as soon as she had received over $1,000. The statute simply provides for a higher penalty for amounts over $1,000 and, although the violation of § 641 with which Phan is charged can be complete when that threshold amount is reached, she continued to accept

deposits of checks regularly thereafter and her offense was not completed at that point.

A key characteristic of a continuing offense is that "the commission of such crimes takes place not in a moment, but over a span of time". Morales, 11 F.3d at 921. For example, the established continuing offenses of escape, possession and conspiracy continue "until affirmatively ended." Pease, 2008 WL 808683, at *2. Wrongfully continuing to receive SSI benefits as a result of an initial misrepresentation is analogous; the crime continues until it is "affirmatively ended". The First Circuit has held that "[C]oncealment by its nature is an act which goes on until detected or its consequences are purged." United States v. Stein, 233 F.3d 6, 18-19 (1st Cir. 2000) (affirming this Session's holding that bankruptcy concealment is a continuing offense based on statutory language providing as such). Although Phan's initial misrepresentation/concealment/non-disclosure occurred in 2003, that misrepresentation continued because the SSA relied on it and continued to issue checks.

The second feature of a continuing offense is that the "harm done to society through [its] commission necessarily continues on for as long as the crime is ongoing." Morales, 11 F.3d at 921. This is certainly the case with the alleged scheme here. Phan allegedly continued to receive SSI payments wrongfully until December, 2006 as a result of her initial misrepresentation in

2003. Thus, the deleterious effect on society of her initial misrepresentation continued at least until the payments stopped in December, 2006.

The facts in this case are very similar to those in the Fourth Circuit case, United States v. Smith, in which the defendant was charged with a violation of § 641 for failing to disclose his mother's death in February, 1994 and continuing to receive her Social Security checks until February, 1998. The Fourth Circuit held that

> where the defendant created a recurring, automatic scheme of embezzlement under section 641 by conversion of funds voluntarily placed in the defendant's possession by the government, and maintained that scheme without need for affirmative acts linked to any particular receipt of funds . . . Congress must have intended that such be considered a continuing offense for purposes of the statute of limitations.

373 F.3d at 567-68. The Court concluded that the defendant's 2003 indictment, which charged him primarily with conduct occurring before the statute of limitations period, was not barred by that limitations period. The conduct in Smith is almost identical to our case where Phan is charged with failing to disclose her client's employment in 2003 and, as a result of that initial concealment, wrongfully collecting SSI payments through December, 2006.

The Court in Smith based its holding United States v. Billingslea, in which the United States Court of Appeals for the

Fifth Circuit held that

> [T]he formulation of a plan or scheme or the setting up a mechanism which, when put into operation, will result in the taking or diversion of sums of money on a recurring basis, will produce but one crime.

603 F.2d 515, 520 (5th Cir. 1979). Based on that analysis, Phan's conduct constitutes one continuous crime.

Similar to the decision in Smith, the Ninth Circuit upheld a § 641 conviction with respect to conduct beginning before the statute of limitations period but ending within it. Neusom, 159 Fed. Appx. at *798. In that case, the defendant failed to disclose the death of his mother in order to continue receiving her Widow's Insurance Benefits. United States v. Neusom, No. CV 06-7410, 2008 U.S. Dist. LEXIS 29484, at *1-2 (C.D. Cal. Apr. 8, 2008). The Ninth Circuit held that "an offense is not complete until the scheme is completed." Neusom, 159 Fed. Appx. at 798 (quoting Yashar, 166 F.3d at 878). Thus, two other Circuits have adopted the position that a violation of § 641 can be a continuing offense in certain circumstances.

Phan argues that the crimes of embezzlement and conversion are discrete offenses and do not require a continuing scheme or ongoing series of acts. While Phan is correct that those crimes need not consist of a series of acts, the First and Fourth Circuits have held that multiple acts of embezzlement or conversion may be charged as single crimes where "several

-10-

separate transactions [form] a single, continuing scheme". United States v. Daley, 454 F.2d 505, 509 (1st Cir. 1972); see also Smith, 373 F.3d at 567-68. In reliance on such reasoning, the Court concludes that Phan's receipt of multiple checks forms "a single, continuing scheme" and, thus, constitutes one continuing offense. See Smith, 373 F.3d at 567. Moreover, in her motion, Phan ostensibly agrees that the receipt of multiple checks was a single scheme by admitting that the alleged crime was completed upon receipt of the second deposit which brought the total amount received to over $1,000.

For those reasons, the Court concludes that the nature of the offense charged is such that "Congress must assuredly have intended" that the offense be treated as a continuing one. Toussie, 397 U.S. at 115. Thus, Phan's motion to dismiss the indictment will be denied.

## ORDER

In accordance with the foregoing, the defendant's motion to dismiss the indictment (Docket No. 12) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 30, 2010